## Commonwealth v. Gagliardi

*Robert F. Banks, Assistant District Attorney,* for Commonwealth.

*Joseph P. Valentino,* for defendant.

## STIPULATION

STRANAHAN, P. J., December 22, 1970.—And now, November 25, 1970, it is stipulated by the parties as follows:

1. That this defendant was the subject of a criminal complaint filed against him before District Justice Frank J. Tamber, alleging that he violated 18 PS §4601 and §4602. On June 22, 1970, defendant waived a preliminary hearing and was bound over to the September term of the grand jury; the grand jury did not find a true bill against him and discharged him:

2. On August 15, 1970, the Pennsylvania State Police filed a criminal complaint against defendant, charging him with two counts of violation of 18 PS §4602, which are alleged to have occurred on June 16, 1970, and June 18, 1970; this complaint was filed before District Justice Frank J. Tamber. On September 17, 1970, a preliminary hearing was held and District Justice Tamber discharged defendant because the Commonwealth had not established a prima facie case against him due to "insufficient evidence.":

3. On October 1, 1970, a criminal complaint was filed by the Pennsylvania State Police with Justice

of the Peace Louis C. Miller against defendant, charging him with the identical violations that led to the criminal complaint being filed on August 15, 1970, and at the present time this preliminary hearing is pending before Justice of the Peace Miller and is the subject of this motion to quash:

4. Frank J. Tamber is a duly elected district magistrate and the offenses occurred in the district encompassed by District Magistrate Tamber:

5. Justice of the Peace Louis C. Miller is located in Coolspring Township approximately 14 miles from that of District Magistrate Frank J. Tamber, and is not within the magisterial district encompassed by that of District Magistrate Frank J. Tamber.

## CONCLUSIONS OF LAW

Defendant in his application to quash the proceedings and discharge defendant has taken the position that there is no authority under the rules for a criminal charge to be filed before a justice of the peace who is the district justice of the magisterial district in which the crime was committed, and, in the event that district justice discharges defendant, for the police to file a new criminal complaint before a "holdover" justice of the peace.

While we have some sympathy for defendant in that he is being put to the expense of defending himself in two separate proceedings, we do not feel that the Pennsylvania Rules of Criminal Procedure support his position.

Rule 120(c) provides that in the event a defendant is discharged because a prima facie case of his guilt has not been established at the preliminary hearing, no further action can be instituted against him if the judge in his discretion requires the payment of costs. This rule contemplates the very situation of which defendant complains and gives the justice of

the peace the option of preventing a harassing type of criminal activity by imposing upon the complainant the requirement that he pay the costs before he is entitled to again proceed. This type of power will, at least in theory, prevent many complaints being filed against a defendant. It should further be noted that this rule provides in part as follows:

"No further proceedings may be had before *any issuing authority* on the same cause. . ."

This again indicates the fact that criminal complaints may be filed before different issuing authorities.

Defendant relies to a great extent on rule 154, which he interprets as meaning that criminal complaints must be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred, and, therefore, if it is brought before a "hold-over" justice of the peace in another district, defendant is not entitled to a change of venue under rule 155, because he cannot show "substantial prejudice will result if the proceeding is allowed to continue before the issuing authority before whom it has been brought."

We believe that defendant misinterprets rule 154 which provides, in our opinion, in (a) an exception to the general rule that the criminal proceeding must be brought before the issuing authority for the magisterial district where the offense is alleged to have occurred, and provides under this exception that where a "hold-over" justice of the peace is involved, the criminal proceeding may be brought before any issuing authority of any magisterial district within the county. The purpose of subsection (a) is to retain the former rule dealing with misdemeanors as was in effect prior to the recent constitutional change, and to permit "hold-over" justices of the peace to

continue their practice as they had previously been accustomed to handling it.

We, therefore, rule that the second criminal complaint brought before Justice of the Peace Miller, of Coolspring Township, is properly filed, and that the matter may proceed.

Defendant supports his argument at least morally with the thought that a ruling of the type that we have contemplated in this opinion encourages police to shop for a favorable justice of the peace. By permitting that, defendant argues, the police will continue to file charges until they find a justice of the peace who has a sympathetic ear towards their cause. This argument, of course, is not a new one and is one of the very arguments that was advanced by those persons who believe that the entire justice of the peace system in the Commonwealth should be reformed. As a result of that belief, the present justice of the peace system, which vastly reduces the justices of the peace and places them on a salary rather than a fee basis, is designed to prevent the very thing that defendant is arguing. As the "hold-over" justices of the peace are phased out of office because of the passage of time, the new system will prevent justices of the peace from seeking favored treatment from the police because the present justices of the peace will be on a salary rather than a fee basis.

We, therefore, deny defendant's application to quash the proceedings and discharge defendant.

## ORDER

And now, December 22, 1970, the application to quash the proceedings and discharge defendant are refused.